IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PERCY LEROY WILSON, | § | |
| | § | |
| v. | § | C.A. NO. C-08-041 |
| | § | |
| JONATHAN A. PEREZ, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for default judgment. (D.E. 44).[1] For the following reasons, plaintiff's motion is denied.

## BACKGROUND

Plaintiff is suing four present and former employees of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). An order for service of process was issued on March 7, 2008. (D.E. 17). The Office of the Attorney General of Texas received the summonses and pleadings on March 24, 2008. (D.E. 19). On April 23, 2008, three of the defendants filed an answer. (D.E. 20). However, defendant Jonathan Perez was no longer employed by the TDCJ-CID; accordingly, the Office of the Attorney General provided his last known address in a sealed filing. (D.E. 21). Defendant Perez was served on June 3, 2008. (D.E. 36). He filed an answer on July 15, 2008. (D.E. 40).

Plaintiff argues that all of the defendants failed to file an answer timely in the pending case within 30 days of being served with the complaint, and that he is therefore entitled to default judgment. (D.E. 44, at 1-2). He explains that "[n]o answer have never [sic] been served

---

[1] Plaintiff also filed separately a declaration swearing to the truth of his allegations, and explaining that he forgot to include it with his motion for default judgment. (D.E. 45). This declaration was considered in conjunction with the pending motion.

on plaintiff [by the three defendants currently employed by TDCJ-CID] on April 23, 2008, plaintiff never receive any answer, on April 23, 2008." Id. at 2.  Moreover, according to plaintiff "no answer or other defense has been filed by [any of the four] defendants' defense counsel ... as of this date July 7, 2008."  Id.  The motion is dated July 31, 2008.  Id.

## DISCUSSION

As the Fifth Circuit has established, "the entry of default judgment is committed to the discretion of the district judge."  Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977) (citation omitted); accord Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam).  Furthermore, "[f]ederal courts generally disfavor default judgments, preferring to resolve disputes according to their merits."  Harper MacLeod Solicitors v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted); see also Lewis, 236 F.3d at 767.

The three TDCJ-CID employee defendants filed their answer on April 23, 2008, thirty days after service was executed on March 24, 2008.  Defense counsel certified that a copy of the answer was mailed to plaintiff on April 23, 2008.  (D.E. 20, at 5); see Fed. R. Civ. P. 5(b)(2)(C) (service complete upon mailing).  Plaintiff alleges only that he did not receive the answer on April 23, 2008, avoiding the issue of whether he received it sometime after that date.  See (D.E. 44, at 2).  He thus does not show that these three defendants' answer was untimely served or filed.  Moreover, they were not required to file a second answer after defendant Perez was served on June 3, 2008.[2]

---

[2] Plaintiff appears to complain that these three defendants failed to meet two separate filing dates, not that they still had not filed the answer due on April 23, 2008 by July 7, 2008. See (D.E. 44, at 2).

As for defendant Perez, his answer was filed on July 15, 2008, forty-two days after service was executed on June 3, 2008.  Defense counsel certified that plaintiff was mailed a copy on July 15, 2008.  (D.E. 40, at 5).  Plaintiff was therefore served at least twelve days late.

However, plaintiff offers no support for his argument that default judgment is proper. Indeed, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  Lewis, 236 F.3d at 767 (citation omitted).  Plaintiff has not established that defendant Perez' untimely serving of the response on him constitutes an extreme situation warranting default.[3]  See id.  Moreover, he has not demonstrated that he has suffered any harm or prejudice by this less than two week delay.  There is no prejudice because the action is proceeding forward for a resolution on the merits.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment, (D.E. 44), is hereby DENIED.

ORDERED this 11th day of August 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[3] Although his motion was executed on July 31, 2008, plaintiff alleges only that he had not received an answer as of July 7, 2008.  (D.E. 44, at 2).  He does not allege that he did not receive either answer.