IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PERCY LEROY WILSON | § | |
| | § | |
| v. | § | C.A. NO. C-08-041 |
| | § | |
| JOEL PEREZ | § | |

## ORDER OF DISMISSAL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983 for excessive force.[1] For the reasons stated herein, plaintiff's action is dismissed for failure to prosecute his claims.

### I. BACKGROUND

During a February 25, 2009 telephonic hearing, plaintiff orally moved for a court-appointed attorney to assist him at trial. (D.E. 105). On March 2, 2009, that motion was granted, and John Gsanger of the Edwards Law Firm was appointed to represent plaintiff. Id. Trial was scheduled for Tuesday, July 21, 2009. (D.E. 107).

In Mr. Gsanger's first attempt to meet with plaintiff, his plane was forced to undergo a crash landing. In May 2009, Wendell Martens of the Edwards Law Firm met with plaintiff for over two hours regarding his claim. The meeting appeared to go fine.

On June 23, 2009, defendant was scheduled to take plaintiff's deposition at the Stiles Unit in Beaumont, Texas. Mr. Martens was present on behalf of the Edwards Law Firm. (D.E. 112, Ex. A, at 4). At that time, plaintiff informed defense counsel that Mr. Martens was not his attorney. Id. Moreover, he indicated that Mr. Gsanger was not his attorney. Id. Instead, he

---

[1] Plaintiff consented to proceed before a magistrate judge. (D.E. 7). Consequently, this action was reassigned to a magistrate judge. (D.E. 9).

claimed that he had an attorney in Beaumont who represented him in this action. Id. at 4-5. When asked, plaintiff was unable to provide the name of this attorney. Id. at 4. Based on his assertion that he had an attorney retaining him, he refused to proceed with the deposition. Id. at 5.

On June 25, 2009, a joint advisory was filed notifying the Court of plaintiff's position. (D.E. 112). On July 1, 2009, a teleconference was scheduled to address this matter. Officer Kenny Allen of the Stiles Unit indicated that plaintiff refused to attend the teleconference because he did not have his attorney with him and was not prepared. On July 1, 2009, an order to show cause as to why plaintiff's action should not be dismissed was issued. (D.E. 116).

## II. DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988)).

Plaintiff has failed to comply with this Court's orders. No attorney has filed any notice of representation regarding plaintiff in this action. Moreover, plaintiff did not respond to the order to show cause. It appears that he has abandoned his claim against defendant by his refusal to be deposed and appear for hearings as well as respond to the order to show cause.

## III.  CONCLUSION

For the foregoing reasons, plaintiff's civil rights action for failure to prosecute is dismissed.

Ordered this 22nd day of July 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE